IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. |
| Plaintiff, ) | _____ |
| ) | |
| v. ) | |
| ) | |
| JERRY G. HARRIS ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **COMPLAINT**

1. Plaintiff, the United States of America, brings this civil action to collect unpaid trust fund recovery penalties (TFRPs) assessed against Defendant Jerry G. Harris ("Harris") for the quarterly tax periods ending December 31, 2005, March 31, 2006, June 30, 2006, September 30, 3006, December 31, 2006, March 31, 2007, June 30, 2007, September 30, 2007, December 31, 2007 and March 31, 2008 (hereinafter, collectively the "TFRP periods").

2. This action is authorized and requested by the Chief Counsel of the IRS, a delegate of the Secretary of the Treasury of the United States, and

is commenced at the direction of the Attorney General of the United States pursuant to 26 U.S.C §§ 7401 and 7403(a).

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a).

4. Defendant Harris resides in Pinellas County, Florida, which is within the jurisdiction of this Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the tax liabilities accrued and continue to accrue in this district and Harris resides in this district.

## COUNT I: TRUST FUND RECOVERY PENALTIES
### (Defendant Jerry G. Harris)

6. Federal law requires employers to withhold from their employees' wages federal income and Federal Insurance Contributions Act ("FICA") taxes and to pay over to the IRS those withholdings, along with the employers' own FICA taxes. 26 U.S.C. §§ 3102, 3111, and 3402. These are collectively referred to as "employment taxes."

7. Individuals who are required to collect and account for employment taxes and who nonetheless willfully fail to pay the trust fund portion (the amount withheld from employees' paychecks) over to the IRS are liable for TFRPs pursuant to 26 U.S.C. § 6672.

8. For the each of the TFRP periods, Harris was a person required to collect, truthfully account for, and pay over the employment taxes for Valpo Group Inc ("Valpo"), a Missouri corporation.

9. For each of the TFRP periods, Harris was president of Valpo. As an officer of Valpo, he exercised control over the affairs of the company.

10. Harris signed payroll tax returns for Valpo for each of the TFRP periods. He therefore had knowledge that employment taxes were owed by Valpo.

11. For each of the TFRP periods, Harris was an authorized signer for Valpo's bank account(s).

12. For each of the TFRP periods, Valpo failed to pay in full the employment taxes it owed.

13. In light of his position of authority within the company and his involvement in its finances and tax return preparation, Harris had knowledge that the employment taxes owed by Valpo were not paid.

14. Despite having knowledge of the unpaid taxes and the authority and ability to pay them, Harris signed checks and/or authorized payments on behalf of Valpo to pay other expenses.

15. Therefore, for each of the TFRP periods at issue, Harris willfully failed to comply with the obligation to collect, truthfully account for, and pay over the employment taxes of Valpo.

16. Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury assessed against Harris the trust fund portion of the unpaid employment taxes owed by Valpo for each of the TFRP periods. The date of assessment as to Valpo is March 16, 2009.

17. ENA LLC ("ENA") is a closely-held entity. Harris is one of its two members, and he was a member of ENA for each of the TFRP periods. David L Meier is the general manager.

18. Harris exercised control over the affairs of the entity. He caused ENA to be created in order for ENA to handle payroll processing for JGH Investments Inc. d/b/a JGH Inc., another entity for which Harris serves as president. Harris works closely with the general manager of ENA to manage and direct its affairs.

19. Therefore, for each of the TFRP periods, Harris was a person required to collect, truthfully account for, and pay over the employment taxes for ENA.

20. For each of the TFRP periods at issue, ENA failed to pay in full the employment taxes it owed.

21. On information and belief, Harris had knowledge that the employment taxes owed by ENA were not paid.

22. Despite having knowledge of the unpaid taxes and the authority and ability to pay them or cause them to be paid, Harris caused ENA to pay other expenses, including, on information and belief, payroll payments to employees at his company.

23. Therefore, for each of the TFRP periods with the exception of the period ending June 30, 2006, Harris willfully failed to comply with the obligation to collect, truthfully account for, and pay over the employment taxes of ENA.

24. Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury assessed against Harris the trust fund portion of the unpaid employment taxes owed by ENA for each of the TFRP periods with the exception of the period ending June 30, 2006. The date of assessment as to ENA is March 23, 2009.

25. The table below lists assessments for both Valpo and ENA.

**Table 1: Harris -- Assessed Trust Fund Recovery Penalties**

| Tax Qtr. | Assessment Date | Amount | Entity | Balance Due* |
|---|---|---|---|---|
| 12/31/2005 | 3/16/2009 | $158,526.17 | Valpo | $301,338.31 |
| | 3/23/2009 | $137,757.96 | ENA | |
| 3/31/2006 | 3/16/2009 | $160,250.14 | Valpo | $498,749.08 |
| | 3/23/2009 | $148,939.07 | ENA | |
| 6/30/2006 | 3/16/2009 | $106,839.46 | Valpo | $172,507.93 |
| 9/30/2006 | 3/16/2009 | $190,569.42 | Valpo | $536,172.68 |
| | 3/23/2009 | $141,802.24 | ENA | |
| 12/31/2006 | 3/16/2009 | $194,694.53 | Valpo | $640,268.51 |
| | 3/23/2009 | $202,237.31 | ENA | |
| 3/31/2007 | 3/16/2009 | $200,855.11 | Valpo | $627,002.32 |
| | 3/23/2009 | $187,842.64 | ENA | |
| 6/30/2007 | 3/16/2009 | $213,378.42 | Valpo | $639,671.53 |
| | 3/23/2009 | $183,165.24 | ENA | |
| 9/30/2007 | 3/16/2009 | $221,506.49 | Valpo | $581,715.34 |
| | 3/23/2009 | $167,156.54 | ENA | |
| 12/31/2007 | 3/16/2009 | $66,064.14 | Valpo | $458,579.34 |
| | 3/23/2009 | $218,300.66 | ENA | |
| 3/31/2008 | 3/16/2009 | $183,090.18 | Valpo | $647,177.41 |
| | 3/23/2009 | $218,137.95 | ENA | |
| | | **Total** | | $5,103,182.45 |

*Total balance due as of January 7, 2022 includes further interest and statutory additions as allowed by law, less any credits, including for payments received.

26. A delegate of the Secretary of the Treasury, in accordance with the Internal Revenue laws, gave written notice to Harris of the proposed assessments described in paragraph 25 as well as notice of the assessments, and also made demand for payment of the amounts assessed. Despite notice

and demand for payment, Harris has failed and refused to pay the entire amount of the liabilities described in paragraph 25.

27. Pursuant to 26 U.S.C. § 6502, the United States generally has 10 years from the date of assessment to bring a proceeding in court to collect an unpaid tax. Although the Defendant's tax liabilities for the TFRP Periods were assessed over 10 years ago, the limitations period to commence this suit was tolled by Defendant's pending offer(s) to enter into installment payment agreements with the IRS, and termination by the IRS of installment agreement(s) in place, thereby making this Complaint timely as to those assessed taxes. *See* 26 U.S.C. § 6331.

28. Taking into account all payments, credits, and abatements, as of January 7, 2022, Harris owes the total sum of $5,103,182.45 for the TFRP periods that were assessed, plus interest and statutory additions thereon as provided by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A. That the Court enter judgment in favor of the United States and against Defendant in the amount of $5,103,182.45 as of January 7, 2022, plus interest and statutory additions thereafter as provided by law, for unpaid trust fund recovery penalties for quarterly tax periods ending December 31, 2005, March 31, 2006, June 30, 2006, September 30, 3006, December 31, 2006, March 31, 2007, June 30, 2007, September 30, 2007, December 31, 2007 and March 31, 2008;

B. That the Court award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

Date: January 14, 2022

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

By:

*/s/ Christopher J. Coulson*
CHRISTOPHER J. COULSON
New York Bar Number 5162383
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-0061
Facsimile: (202) 514-4963
Christopher.J.Coulson@usdoj.gov

*Of Counsel*

Roger B. Handberg
United States Attorney